IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TIMOTHY LAMONT SAWYER-HOUSE,**

    **Petitioner,**

v.                                           Criminal No. 2:19-cr-36(2)

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION & ORDER*

Before the Court is Timothy Lamont Sawyer-House's ("Petitioner") *pro se* Motion for Compassionate Release ("Motion") in which Petitioner moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Reduce Sentence, ECF No. 182 ("Pet'r's Mot."). The Government opposed the motion. Gov't Resp. in Opp. to Pet'r's Mot., ECF No. 196 ("Resp. Opp."). Petitioner has not replied. This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED**.

### I.   FACTUAL AND PROCEDURAL HISTORY

On March 6, 2019, Petitioner was named alongside his co-defendant in a thirteen-count Indictment. Indict., ECF No. 3 ("Indictment"). On July 11, 2019, Petitioner pled guilty to Count One, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) and Counts Nine and Twelve, Possession of Firearms During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(C)(1)(A) of the Indictment. *See* Plea Agreement, ECF No. 44.

According to his 2019 Presentence Investigation Report ("PSR"), Petitioner participated in a conspiracy that involved violence, trafficked narcotics, illegally sold and acquired firearms, and other racketeering activity as a member of the Nine Trey Gangsters. Investig. Rep., ECF No. 53 at

20-21 ("PSR"). The PSR assessed Petitioner with a total offense level of 40, a Criminal History Category of III, and a recommended Guidelines provision of 360 (30 years) months to Life imprisonment, plus 120 (12 years) months consecutive. *Id.* at 22. On October 23, 2019, the Petitioner was sentenced to 60 months (5 years) on Count One, 60 months (5 years) on Count Nine, consecutive to Count One, and 60 Months (5 years) on Count Twelve, consecutive to Counts One and Nine, followed by a term of five (5) years supervised release to run concurrently on all Counts. J. of Pet'r, ECF No. 67. On June 4, 2020, the Court reduced defendant's total sentence from a term of 180 months (15 years) to 90 months (7.5 years). Sealed Order, ECF No. 140.

Petitioner is currently incarcerated at FCI-Schyulkill, a BOP facility, with a projected release date of May 9, 2025.[1] On December 21, 2021, Petitioner filed a *pro se* Motion for Compassionate Release. Pet'r's Mot. On February 25, 2022, Petitioner's counsel filed a Motion for Leave to Withdraw as Counsel and supporting memorandum opposing Petitioner's *pro se* Motion. Mot. to Withdraw, ECF Nos. 192, 193 ("*Anders* Mot."). On March 16, 2022, the Government responded in opposition to Petitioner's *pro se* Motion. Resp. Opp., ECF No. 196. To date, Petitioner has not replied.

## II.   LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP")

---

[1] *See also* Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Oct. 11, 2022) (listing Petitioner's release date as May 9, 2025).

2

bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)).

### III. DISCUSSION

The Court finds that Petitioner has not satisfied the threshold requirement of 18 U.S.C. § 3582(c)(1)(A). Petitioner has not provided any information showing that he submitted a Request for Compassionate Release ("Request") to the BOP, and according to the Probation memorandum submitted on March 16, 2022, there is no record of the Petitioner submitting a Request to a Warden of a BOP Facility. *See* Prob. Mem., ECF No. 195 at 2. Petitioner's counsel also notes that Petitioner failed to file a Request with the BOP before submitting the instant Motion. *See Anders* Mot., ECF No. 193 at 3-4. Thus, petitioning the Court for compassionate release is premature. Because Petitioner has not exhausted his administrative remedies, his motion may not be considered at this time.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's *pro se* Motion for Compassionate Release, ECF No. 182, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 18, 2022

Raymond A. Jackson
United States District Judge

4